RECEIVED
APR 2 9 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN ERNESTO HENRIQUEZ BONILLA (A079238700) | DOCKET NO. 15-cv-1209; SEC. P |
| VERSUS | JUDGE DRELL |
| ERIC HOLDER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by pro se Petitioner Juan Ernesto Henriquez Bonilla, who is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). Plaintiff is being detained at the Lasalle Detention Center in Trout, Louisiana. In his habeas petition, he seeks release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Plaintiff is a citizen of El Salvador. He was previously excluded, deported, or removed from the United States on May 21, 2004, after having been convicted of the aggravated felony of abduction on June 6, 2002. He was found back in the United States on January 11, 2005, and was charged with and convicted of illegal reentry of a removed alien in violation of 8 U.S.C. §1326(a) and (b). [U.S. v. Juan Bonilla, 1:05-cr-68; S.D.Tex., Doc. #11] He

was sentenced to thirty-three months of imprisonment on June 9, 2005.  [U.S. v. Juan Bonilla, 1:05-cr-68; S.D.Tex., Doc. #21]

Plaintiff suffered a fall at a prior institution, resulting in the placement of a feeding tube in his stomach.

Plaintiff was removed from the U.S. in 2007, in a wheelchair, and without his "peg tube" to provide him with nutrition.  He states that in 2009, he was kidnaped and raped at gunpoint.  Due to a lack of medical care in El Salvador, Plaintiff made his way back to the U.S. on September 13, 2010.  [Doc. #1, p.41] However, on September 15, 2010, Plaintiff was discovered in the U.S. without authorization.  He was once again ordered removed, and his removal order was reinstated on December 2, 2013.  [Doc. #1, p.39, 67]

Petitioner sought asylum on an unspecified date, and a "reasonable fear" hearing was scheduled for August 2014.  The Immigration Judge found that Petitioner did not establish a reasonable possibility that he would be persecuted on the basis of his race, religion, nationality, membership in a particular social group or political opinion, or a reasonable probability that he would be tortured in El Salvador.  Thus, asylum was denied.  [Doc. #1, p.29]

Petitioner's custody status was reviewed numerous times, resulting in a decision of continued detention each time.  Petitioner was notified on January 16, 2014, April 9, 2014, January 9, 2015, February 10, 2015, and March 10, 2015, of specific

requirements to assist in obtaining travel documentation. [Doc. #1, p.66] Petitioner has consistently failed to interview with his consulate, which has prevented his removal from the United States. [Doc. #1, p.66]

*Law and Analysis*

1. Continued Detention

In <u>Zadvydas v. Davis</u>, the Supreme Court held that the post-removal-order detention statute implicitly limits an alien's detention to a period reasonably necessary to bring about that immigrant's removal. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001). The Court noted that the statute does not permit indefinite detention; rather, the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. <u>Id.</u> at 697-702.

Under <u>Zadvydas</u>, it is presumptively constitutional for an alien to be detained for six months after a final order of removal. <u>See</u> <u>Agyei-Kodie v. Holder</u>, 418 F. App'x 317, 318 (5th Cir. 2011). After that six month period expires, **and the alien meets his or her initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future**, then the government must furnish sufficient rebuttal evidence. <u>See</u> <u>Zadvydas</u>, <u>supra</u>. The mere expiration of the six-month detention period, however, does not, by itself, warrant release.

However, if an alien acts to thwart DHS/ICE's efforts to

remove him, then the removal period is suspended or tolled during such time. 8 U.S.C. § 1231(a)(1)(C). Indeed, §1231(a)(1)(C) does not present the same constitutional concerns that motivated the decision in Zadvydas because, in contrast to §1231(a)(6), under §1231(a)(1)(C) the detainee himself is the cause of his continued detention. See Pelich v. Immigration and Naturalization Service, 329 F.3d 1057, 1060 (9th Cir. 2003). In other words, "Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." Id.

In this case, based on the documents provided by Petitioner, he cannot meet his initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future because he has consistently failed to interview with his consulate, which has prevented his removal from the United States. [Doc. #1, p.66]

There is no constitutional right to appointment of counsel in a federal habeas corpus matter. McClesky v. Zant, 111 S.Ct. 1454, 1471 (1991); Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1985); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992). However, the appointment of counsel in a habeas corpus proceeding is proper when the interests of justice so require. See 18 U.S.C. §3006A. In

order to determine whether the interests of justice require the appointment of counsel in a habeas corpus proceeding, the court must rely upon principles of fundamental fairness and due process principles. See <u>Norris v. Wainwright</u>, 588 F.2d. 130 (5th Cir. 1979); <u>Bonin v. Vasquez</u>, 999 F.2d. 425 (9th Cir. 1993). In most cases, appointed counsel is not required unless there is a need for an evidentiary hearing. <u>United States v. Vasquez</u>, 7 F.3d. 81 (5th Cir. 1993) (once it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory). If the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel. <u>Boyd v. Groose</u>, 4 F.3d. 669 (8th Cir. 1993); <u>Smith v. Groose</u>, 998 F.2d. 1439, 1442 (8th Cir. 1993). Such is the case in the captioned matter. There is no need for an evidentiary hearing, and the matter can be resolved based on the 73-page complaint and exhibits filed by Petitioner.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that the motion to appoint counsel [Doc. #2] be **DENIED**.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and**

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 29th day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE